107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kirk PROCTOR, Defendant-Appellant.
 No. 96-50097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1997.*
Decided Feb. 28, 1997.
 
 1
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN,** District Judge,
 
 
 2
 MEMORANDUM***
 
 
 3
 Kirk Proctor appeals his conviction for possession of a controlled substance with intent to distribute in violation of 18 U.S.C. § 841(a)(1). Proctor contends that the district court erred by refusing to instruct the jury on mere proximity to contraband. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review de novo the legal adequacy of the district court's jury instructions. See United States v. Sarno, 73 F.3d 1470, 1485 (9th Cir.1995), cert. denied, 116 S.Ct. 2555 (1996). "If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary." United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992); see also United States v. Medrano, 5 F.3d 1214, 1218 (9th Cir.1993). As long as the district court gives instructions that "fairly and adequately embod[y] the relevant law regarding the issues presented," the district court need not conform its language to that proposed by the defendant. See Sarno, 73 F.3d at 1485 (quotation omitted).
 
 
 5
 Here, the government presented evidence that: officers recovered from Proctor several documents that listed his address as that of the apartment where the drugs were found; Proctor possessed the keys to the front door of the apartment and to the bedroom where the drugs were found; and officers found drug paraphernalia in the same room where several documents belonging to Proctor were also found. This evidence suggests more than "mere presence." See United States v. Bernard, 48 F.3d 427, 429-30 (9th Cir.1995); Medrano, 5 F.3d at 1217. The district court instructed the jury regarding constructive possession.
 
 
 6
 Because the district court's possession instruction was legally adequate, and the government's case was based on more than Proctor's mere presence, Proctor's requested Instruction was unnecessary. See Negrete-Gonzales, 966 F.2d at 1282.[1] Accordingly, we uphold the district court's refusal to give the instruction. See Sarno, 73 F.3d at 1485-86.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We deny Proctor's requests to file a supplemental opening brief and for appointment of new counsel
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note, however, that Ninth Circuit Model Instruction § 3.16 is preferable; and it would be required in a case with less evidence linking the defendant to the drugs